CLD-090                                                      **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

_____

No. 26-1084

_____

IN RE: JOBADIAH SINCLAIR WEEKS,
                                          Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to Crim. No. 2:19-cr-00877-003)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
February 26, 2026
Before:  BIBAS, PHIPPS, and NYGAARD, *Circuit Judges*

(Opinion filed: March 6, 2026)

_____

OPINION[*]

_____

PER CURIAM

 Jobadiah Weeks, proceeding pro se, has filed a petition for a writ of mandamus.

For the reasons below, we will dismiss the petition as moot.

 In 2019, Weeks was charged with tax evasion under 26 U.S.C. § 7201, wire fraud

conspiracy in violation of 18 U.S.C. § 1349, and conspiracy to offer or sell unregistered

securities in violation of 18 U.S.C. § 371 because of his role obtaining investors for a

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

cryptocurrency mining scheme. On November 5, 2020, Weeks pled guilty to the tax evasion charge and the unregistered securities charge. Weeks was released on bond, and is awaiting sentencing, which has been scheduled for April 16, 2026.

Weeks is a prolific filer, and has filed dozens of motions in the District Court since pleading guilty. Of particular relevance to his mandamus petition are several motions Weeks filed pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, seeking the return of various assets that were seized in the course of his arrest and incarceration, and a motion to unseal certain documents on the docket, which he had previously sought to seal. On October 8, 2025, the District Court denied Weeks's Rule 41(g) motions, and requested that the parties clarify their positions regarding which documents they sought to either seal or unseal. On October 31, 2025, the parties filed a joint letter with the Court, specifying which documents they both agreed to unseal. On November 18, 2025, Weeks filed another Rule 41(g) motion, again seeking the return of various financial assets.

On January 15, 2026, Weeks filed a petition for a writ of mandamus, seeking to compel the District Court to rule on his new Rule 41(g) motion, as well as his motion to unseal the documents on the District Court docket. On February 4, 2026, the District Court granted Weeks's motion to unseal certain docket entries and denied his renewed Rule 41(g) motion.

Since the District Court has ruled on Weeks's Rule 41(g) motion and his motion to unseal, his request that we order the Court to do so is now moot. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698–99 (3d Cir. 1996) (noting that "[i]f

developments occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief, the case must be dismissed as moot"). Accordingly, we will dismiss the petition for a writ of mandamus.